Office of Harris County District Clerk - Marilyn Burgess                    Page 1 of 3

| | | |
|---|---|---|
| **HCDistrictclerk.com** | TEXTILE REAL ESTATE INVESTMENTS LLC vs. NATIONAL CONTAINER GROUP LLC | 7/26/2019 |
| | Cause: 201943587      CDI: 7      Court: 270 | |

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SUMMARY**

CASE DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 6/26/2019 | | |
| **Case (Cause) Location** | Civil Intake 1st Floor | | |
| **Case (Cause) Status** | Ready Docket | | |
| **Case (Cause) Type** | SWORN ACCOUNT | | |
| **Next/Last Setting Date** | 7/6/2020 | | |
| **Jury Fee Paid Date** | 7/3/2019 | | |

CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 270th |
| **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686400 |
| **JudgeName** | DEDRA DAVIS |
| **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| TEXTILE REAL ESTATE INVESTMENTS LLC | PLAINTIFF - CIVIL | | KLEIN, HUNTER MILAM |
| NATIONAL CONTAINER GROUP LLC | DEFENDANT - CIVIL | | CLARK, MARK LYNN |
| TEXTILE RECYCLER INC | PLAINTIFF - CIVIL | | KLEIN, HUNTER MILAM |
| NATIONAL CONTAINER GROUP LLC (A FOREIGN LIMITED LIABILITY COMPANY) | REGISTERED AGENT | | |

**INACTIVE PARTIES**
No inactive parties found.

**JUDGMENT/EVENTS**

| Date | Description | Pgs |
|---|---|---|

**EXHIBIT A**

| Date | | Order Signed | Post Jdgm | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|
| 7/23/2019 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 7/23/2019 | 1 | | | |
| 7/15/2019 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 7/15/2019 | 4 | | | |
| 7/11/2019 | DESIGNATED TRIAL READY | | 0 | | | |
| 7/3/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 7/3/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 7/3/2019 | ANSWER ORIGINAL PETITION | | 0 | | SOLOMON, MICHAEL DEAN | NATIONAL CONTAINER GROUP LLC |
| 6/26/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 6/26/2019 | ORIGINAL PETITION | | 0 | | KLEIN, HUNTER MILAM | TEXTILE REAL ESTATE INVESTMENTS LLC |
| 6/26/2019 | ORIGINAL PETITION | | 0 | | KLEIN, HUNTER MILAM | TEXTILE RECYCLER INC |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|
| 7/06/2020 12:00 AM | 270 | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | NATIONAL CONTAINER GROUP LLC (A FOREIGN LIMITED LIABILITY COMPANY) | 6/26/2019 | 6/26/2019 | 6/27/2019 | | 7/3/2019 | 73640040 | E-MAIL |

701 BRAZOS STREET SUITE 1050 AUSTIN TX 78701

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 7/25/2019 | 7/23/2019 | | 0 | CLARK, MARK LYNN | ONE RIVERWAY,, HOUSTON, TX 77056 | 713-403-8286 |
| 7/16/2019 | 7/15/2019 | | 0 | KLEIN, HUNTER MILAM | 440 LOUISIANA, HOUSTON, TX 77002 | 713-654-9222 |
| 7/16/2019 | 7/15/2019 | | 0 | SOLOMON, MICHAEL DEAN | PO BOX 64093, ST. PAUL, MN 55164 | 281-606-8950 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 86300429 | Defendant' National Container Group, LLC's Unopposed Motion for Substitution of Counsel | | 07/23/2019 | 6 |
| -> 86300430 | Proposed Order Granting Unopposed Motion to Substitute Counsel | | 07/23/2019 | 1 |

| 86327343 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 07/23/2019 | 1 |
| 86173902 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 07/15/2019 | 4 |
| 86024578 | Defendant's Original Answer and Jury Demand | 07/03/2019 | 3 |
| 86025897 | Citation | 07/03/2019 | 2 |
| 85905124 | Plaintiffs' Original Petition | 06/26/2019 | 7 |
| -> 85905125 | Civil Case Information Sheet | 06/26/2019 | 1 |
| -> 85905126 | Civil Process Request Form | 06/26/2019 | 1 |

6/26/2019 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34681670
By: Nelson Cuero
Filed: 6/26/2019 10:06 AM

## CAUSE NO. _____

| | | |
|---|---|---|
| **TEXTILE REAL ESTATE** | § | |
| **INVESTMENTS, LLC; TEXTILE** | § | |
| **RECYCLER, INC.,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **NATIONAL CONTAINER GROUP, LLC,** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

Textile Real Estate Investments, LLC (hereinafter referred to as "Textile Real Estate"), and Textile Recycler, Inc. (hereinafter referred to as "Textile Recycler," collectively referred to as "Plaintiffs") complain of National Container Group, LLC (hereinafter referred to as "Defendant" or "National Container Group"), and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.      Plaintiff Textile Real Estate is a Texas limited liability company with its principal place of business in Harris County, Texas.

3.      Plaintiff Textile Recycler is a Texas corporation with its principal place of business in Harris County, Texas.

4.      Defendant National Container Group, LLC is a foreign limited liability company engaging in the business of sales and services in Texas. Defendant may be served with process through their registered agent for service Lexis Document Services Inc. at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

6.      Plaintiffs seek monetary relief over $2,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but make this stipulation as required by TEX.R.CIV.P. § 47.

7.      The court has jurisdiction over Defendant National Container Group because this Defendant engages in the business of sales and services in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

8.      Venue is proper in Harris County, Texas, because the property giving rise to this cause of action is situated in Harris County, Texas, and the events forming the basis of this lawsuit occurred in Harris County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### FACTS

9.      Plaintiff Textile Real Estate owned certain real property with improvements located at 13131 Almeda Road, Houston, TX 77045. That property was leased to Defendant National

Container Group, LLC. The lease was to be in effect from August 1, 2014 through January 31, 2019. The lease was in effect on May 28, 2018.

10.    Knowingly, and in violation of the lease, National Container Group (without the knowledge or consent of Textile Real Estate) stored and used numerous hazardous chemicals in the property, including concentrated hydrogen peroxide, various acids, paint thinners, and other highly volatile chemicals. These chemicals were improperly stored, improperly combined. Specifically, the lease agreement states the following:

> **Permitted Use:** Tenant represents and warrants to Landlord that Tenant intends to use the Premises for the reconditioning, storage, and distribution of empty plastic drums, steel drums, and composite IBC=s (sic) and other related items and operations. Tenant's use of the Property is restricted to those purposes specified in this Section and no other unless Tenant obtains Landlord's prior written consent to any change in use.

11.    The storage of hazardous chemicals in the drums housed by National Container Group expressly violated the permitted use clause of the lease. Textile Real Estate never consented to this change in use. Storage of hazardous chemicals is not a related operation to "reconditioning, storage, and distribution of **empty** plastic drums, steel drums, and composite IBC=s…." These practices constituted a knowing, intentional, and material breach of the lease agreement.

12.    National Container Group, through these practices, created an unreasonably dangerous condition on the property, allowing chemicals to leak through their containers, potentially causing wide-spread contamination of both the slab upon which the building sat, the underlying soils, and nearby lands (including a stream).

13.    National Container Group was not qualified to use or store the chemicals they were secretly housing, and failed to take necessary safety precautions, mixed dangerous chemicals together without proper supervision, qualification, certification, testing, control, or warnings. National

Container Group failed to properly supervise, dispose of, monitor, or store the chemicals or their dangerous combinations. In fact, National Container Group took no safety precautions whatsoever.

14.     On or about May 28, 2018 a fire broke out at the property, causing the total destruction of the building, and severely damaging the surrounding properties. This fire was caused by National Container Group negligently storing rags in a large bucket with paint and other chemicals that ignited. The fire was greatly exacerbated by the hidden presence of the chemicals stored by National Container Group. The presence of these chemicals has all but prevented Textile from rebuilding due to the greatly increased environmental concerns.

15.     Plaintiff Textile Recyclers operated out of the adjacent warehouse. Following the fire, the warehouse had to be cleaned, and the business was forced to be shut down while the clean-up efforts were completed. The corrosive and toxic nature of the smoke and fallout from the fire caused the near total destruction of Textile Recycler's inventory, causing severe economic damages and debilitating the business practices of Textile Recyclers. Due to the fire, and the chemicals it included, Textile Recyclers had to replace all inventory present at the time of the fire.

16.     But for the negligence and unreasonably dangerous conditions created by Defendant, Plaintiff Textile Real Estate would have been able to re-build, and Textile Recyclers could have continued their normal business operations.

17.     National Container Group refused to accept comparable accommodations from Textile Real Estate, and has ceased paying rents, even though such amounts would continue to be owed due to National Container Group's knowing, intentional, and material breach of the lease agreement.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT NATIONAL CONTAINER GROUP

### i.    BREACH OF CONTRACT

18.    Plaintiff Textile Real Estate re-incorporates paragraphs 8 through 17 as if fully stated herein.

19.    A valid contract existed between Plaintiff Textile Real Estate and Defendant. This contract was in full force and effect on the date of the occurrence.

20.    Defendant's conduct, as stated above and incorporated herein, constituted a material breach of the contract between Plaintiff Textile Real Estate and Defendant.

21.    This material breach proximately caused Plaintiff Textile Real Estate's damages, including lost rents from the building originally occupied by Defendant. In an attempt to mitigate its damages, Plaintiff Textile Real Estate offered to relocate Defendant to another of its buildings, but Defendant refused and has ceased paying rent, further damaging Plaintiff's business.

### ii.    NEGLIGENCE, GROSS NEGLIGENCE, NEGLICENGE PER SE

22.    Plaintiffs re-incorporate paragraphs 8 through 17 as if fully stated herein.

23.    Accordingly, both Plaintiffs further state that Defendant and its agents, officers, and employees, for whose acts and omissions such Defendant is in all things responsible, engaged in several acts and omissions constituting negligence, negligence per se, gross negligence, gross negligence per se, gross neglect, and malice, as defined by the Texas Civil Practice and Remedies Code and all applicable law, and such acts and omissions, among others, are as follows:

   a.    In secretly storing the hazardous chemicals in an extremely dangerous and unsafe manner Defendant created an unreasonably dangerous condition at the property;

   b.    In knowingly storing hazardous chemicals without proper certification, qualification, or safety measures in place;

   c.    In failing to inform Plaintiff about its storage and usage of these dangerous and hazardous chemicals

    d.   In failing to store the chemicals in proper containers or to dispose of the chemicals in a safe manner, or in a manner prescribed by law;

    e.   In dumping hazardous chemicals onto the ground at the facility, unreasonably creating environmental hazards

24.    Due to Defendant's negligence, Plaintiff Textile Real Estate has been unable to rebuild the warehouse, has had to incur the costs of clean-up, and has been unable to receive rental income from the property. Plaintiff Textile Recyclers had to replace its entire inventory, cease its normal business operations, and clean the interior of the remaining warehouse.

## VII.
## DAMAGES

25.    Plaintiffs re-incorporate paragraphs 8 through 23 as if fully stated herein.

26.    As a result of Defendant's conduct Plaintiffs have suffered substantial damages including lost income, lost revenues, lost rents, diminution of value of the property, and environmental impact costs, including cleanup costs, and testing costs.

27.    As a result of Defendant's breach of the contract, Plaintiff Textile Real Estate seeks to recover its reasonable and necessary attorney's fees along with consequential damages.

28.    For Defendant's knowing conduct, Plaintiffs seek consequential and exemplary damages.

29.    For Defendant's gross negligence Plaintiffs seek consequential and exemplary damages.

30.    Plaintiffs plead for any and all prejudgment and post-judgment interest.

## VIII.
## REQUEST FOR DISCLOSURE

31.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

## IX.
## JURY DEMAND

32.     Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## X.
## PRAYER

33.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, economic damages, mental anguish damages, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:     */s/ Hunter M. Klein*
        HUNTER M. KLEIN
        State Bar No.: 24082117
        klein@greentriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com
        440 Louisiana St., Suite 1900
        Houston, Texas 77002
        (713) 654-9222 - Telephone
        (713) 654-52155 - Fax

**ATTORNEY FOR PLAINTIFFS**

6/26/2019 10:06:12 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34681670
By: CUERO, NELSON
Filed: 6/26/2019 10:06:12 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   Textile Real Estate Investments, LLC, Textile Recycler, Inc. v. National Container Group, LLC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Hunter M. Klein | Email:<br>klein@greentriallaw.com | Plaintiff(s)/Petitioner(s):<br>Textile Real Estate Investments, LLC,<br><br>Textile Recycler, Inc. | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>440 Louisiana St., Ste. 1900 | Telephone:<br>713-654-9222 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, TX 77002 | Fax:<br>713-654-2155 | Defendant(s)/Respondent(s):<br>National Container Group, LLC | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24082117 | *(Attach additional page as necessary to list all parties)* | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☑ Other Debt/Contract:<br>breach of contract and other claims<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: | ☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

7/3/2019 11:36 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34874120
By: Anna Evetts
Filed: 7/3/2019 11:36 AM

Receipt Number: 814018
Tracking Number: 73640040

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201943587

5393I-1

| | |
|---|---|
| PLAINTIFF: TEXTILE REAL ESTATE INVESTMENTS LLC | In the 270th Judicial |
| vs. | District Court of |
| DEFENDANT: NATIONAL CONTAINER GROUP LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONAL CONTAINER GROUP LLC (A FOREIGN LIMITED LIABILITY COMPANY) BY SERVING THROUGH THEIR REGISTERED AGENT FOR SERVICE LEXIS DOCUMENT SERVICES INC

701 BRAZOS STREET SUITE 1050

AUSTIN TX 78701

Attached is a copy of PLAINTIFFS' ORIGINAL PETITION.

This instrument was filed on June 26, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 26, 2019.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: NELSON CUERO

Issued at request of:
KLEIN, HUNTER MILAM
440 LOUISIANA STREET SUTIE 1930
HOUSTON, TX  77002
713-654-9222

Bar Number: 24082117

CTH = 6/27/19 @ 8:30 AM

IN THE 270TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

## CAUSE NO: 201943587

TEXTILE REAL ESTATE INVESTMENTS, LLC
VS
NATIONAL CONTAINER GROUP, LLC

# RETURN

Came to my hand:   _6/27/2019_  , at  _08:30_  o'clock  _A.M._  , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Request for Disclosure**
- **Jury Demand**

and executed by me on:  _6/27/2019_  , at  _2:56_  o'clock  _P.M._  , at

<u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS,</u> by delivering to <u>NATIONAL CONTAINER GROUP LLC,</u> by delivering to its registered agent, <u>LEXIS DOCUMENT SERVICES, INC.,</u> by delivering to employee/managing agent, <u>VANESSA HERNANDEZ</u>, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: _Kelly Murski, PSC5912_
Expiration Date: _10_ / _31_ /20 _20_

STATE OF TEXAS    }

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the _27th_ day of _June_ ,2019 .

Notary Public

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733578

7/3/2019 2:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34883460
By: Lisa Thomas
Filed: 7/3/2019 2:23 PM

## CAUSE NO.: 2019-43587

| | | |
|---|---|---|
| **TEXTILE REAL ESTATE INVESTMENTS, LLC; TEXTILE RECYCLER, INC.,** | § § § | **IN THE DISTRICT COURT OF** |
| **VS.** | § § | **HARRIS COUNTY, TEXAS** |
| **NATIONAL CONTAINER GROUP, LLC,** | § | **270th JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, **NATIONAL CONTAINER GROUP, LLC,** hereafter referred to as Defendant, and files this Original Answer in response to the claim(s) of TEXTILE REAL ESTATE INVESTMENTS, LLC; TEXTILE RECYCLER, INC., hereafter referred to as Plaintiff, and respectfully shows the Court and Jury the following:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Petition, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

### II.

Defendant pleads Chapter 33 of the Texas Civil Practice and Remedies Code, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord the Defendant full benefit of said law. This Defendant is entitled to an offset, credit or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, persons, and/or tortfeasors to Plaintiff.

### III.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a trial by jury and makes application therefore.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, having answered herein, prays that Plaintiff take nothing by this suit, that Defendant be discharged without delay, that Defendant be awarded all costs of Court, and all further relief, both general and special, legal and equitable, to which this Defendant may be justly entitled.

Respectfully submitted,

**AYIK & ASSOCIATES**

_____

**M. DEAN SOLOMON**
State Bar No. 18832200
**Mailing Address:**
P.O. Box 64093
St. Paul, MN 55164-0093
**Physical Address:**
4650 Westway Park Blvd., Suite 150
Houston, Texas  77041
Direct No.:  (281) 606-8963
Main Tel. No.: (281) 606-8950
Facsimile No.:  (281) 606-8970
ESERVICE ONLY: EservHous@travelers.com

**ATTORNEY FOR DEFENDANT,
NATIONAL CONTAINER GROUP, LLC**

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record as listed below by certified mail, return receipt requested, and/or e-file/e-service, and/or via hand delivery, and/or via facsimile, on this the 2nd day of July, 2019.

***Via E-Service: klein@greentriallaw.com***
Hunter M. Klein
Green & Klein
440 Louisiana St., Suite 1900
Houston, Texas 77002

_____
**M. DEAN SOLOMON**

7/23/2019 2:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35358131
By: Anna Evetts
Filed: 7/23/2019 2:30 PM

## CAUSE NO. 2019-43587

| | | |
|---|---|---|
| TEXTILE REAL ESTATE INVESTMENTS, | § | IN THE DISTRICT COURT OF |
| LLC; TEXTILE RECYCLER, INC., | § | |
|     Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| NATIONAL CONTAINER GROUP, LLC, | § | |
|     Defendant | § | 270TH JUDICIAL DISTRICT |

### DEFENDANT' NATIONAL CONTAINER GROUP, LLC'S
### UNOPPOSED MOTION FOR SUBSTITUTION OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, NATIONAL CONTAINER GROUP, LLC, in the above-styled and numbered cause, and pursuant to Rule 10 of the Texas Rules of Civil Procedure, respectfully moves the Court to substitute Mark L. Clark, of the law firm of Thompson, Coe, Cousins & Irons, L.L.P. as attorney of record for Defendant NATIONAL CONTAINER GROUP, LLC, and to allow M. Dean Solomon and the law firm of AYIK & ASSOCIATES to withdraw as attorneys of record for said Defendant.

I.

Pursuant to Rule 10 of the Texas Rules of Civil Procedure, Defendant's new attorney of record information is as follows:

Mark L. Clark
State Bar No. 00789226
Email: MLClark@thompsoncoe.com
Phone (713) 403-8286
Thompson, Coe, Cousins& Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Facsimile (713) 403-8299

II.

7002279 v1 (71110.00018.000)

Defendant approves of the substitution of Mark L. Clark, as lead counsel, Thompson, Coe, Cousins & Irons, L.L.P. in place and stead of M. Dean Solomon and the law firm of AYIK & ASSOCIATES as their attorneys of record.

III.

This substitution is not sought for delay and will not be used as a basis for delaying the setting of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant NATIONAL CONTAINER GROUP, LLC respectfully request the Court to enter an Order substituting Mark L. Clark, as lead counsel, Diandra Pastor and Joshua Eberle of the law firm of Thompson, Coe, Cousins & Irons, L.L.P. in place and stead of M. Dean Solomon and the law firm of AYIK & ASSOCIATES and to allow M. Dean Solomon and the law firm of AYIK & ASSOCIATES to withdraw as attorneys of record in this matter and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**AYIK & ASSOCIATES**

By: _  /s/ M. Dean Solomon *by permission_
M. Dean Solomon
State Bar No. 18832200
Mailing Address:
P.O. Box 64093
St. Paul, MN 55164-0093
PHYSICAL ADDRESS:
4650 Westway Park Blvd., Suite 150
Houston, Texas 77041
Direct No.: (281) 606-8963
Main Tel. No.: (281) 606-8950
Facsimile No.: (281) 606-8970

**THOMPSON COE COUSINS & IRONS, LLP**

By:_____*/s/ Mark L. Clark*_____
   Mark L. Clark
   State Bar No. 00789226
   Email: MLClark@thompsoncoe.com
   One Riverway, Suite 1400
   Houston, Texas 77056
   Tel: 713-403-828
   Fax: 713-403-8299
ATTORNEYS FOR DEFENDANT NATIONAL CONTAINER GROUP, LLC


## <u>CERTIFICATE OF CONFERENCE</u>

1. After drafting this motion the movant and respondent have conferred with each other and in good faith have attempted to resolve the matter; and

  a. \_\_X\_\_\_  Respondent has agreed and is unopposed to Movant's request under this motion.

  b. _____  This matter has been discussed with respondent and no agreement on the motion could be reached because: _____.

  c. \_\_X\_\_\_  Plaintiff's counsel is unopposed to Movant's request under this motion.


2. After drafting this motion movant has been unsuccessful in attempts to contact the respondent on the following dates, times and by the following means:

     _____*Mark L. Clark*_____
     Mark L. Clark

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel by e-service, first class mail, telecopy, hand delivery and/or certified mail, return receipt requested on this the 23rd  day of July, 2019:

Hunter M. Klein
Robert D. Green
GREEN & KLEIN
440 Louisiana, Suite 1900
Houston, Texas 77002

M. Dean Solomon
AYIK & ASSOCIATES
4650 Westway Park Blvd., Suite 150
Houston, Texas 77041

_____*/s/ Mark L. Clark*_____
Mark L. Clark

CAUSE NO. 2019-43587

| | | |
|---|---|---|
| TEXTILE REAL ESTATE INVESTMENTS, | § | IN THE DISTRICT COURT OF |
| LLC; TEXTILE RECYCLER, INC., | § | |
|     Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| NATIONAL CONTAINER GROUP, LLC, | § | 270TH JUDICIAL DISTRICT |
|     Defendant | | |

## ORDER GRANTING UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

BE IT REMEMBERED that on this day came to be considered the Unopposed Motion for Substitution of Counsel (the "Motion") filed herein by the counsel of record for Defendant NATIONAL CONTAINER GROUP, LLC in the above-entitled and numbered cause, and it appearing to the Court that such Motion should be GRANTED.

It is accordingly, ORDERED, ADJUDGED, and DECREED that M. Dean Solomon and the law firm of AYIK & ASSOCIATES, are allowed to withdraw as attorneys of record for Defendant NATIONAL CONTAINER GROUP, LLC, and that Mark L. Clark, as lead counsel, Diandra Pastor and Joshua Eberle of the law firm of Thompson, Coe, Cousins & Irons, L.L.P. be substituted as counsel of record for all purposes in all phases of the litigation of the above-entitled cause in place of M. Dean Solomon and the law firm of AYIK & ASSOCIATES, 4650 Westway Park Blvd., Suite 150, Houston, Texas 77041.

SIGNED this ____ day of _____, 2019.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND CONTENT:

AYIK & ASSOCIATES                                THOMPSON COE COUSINS & IRONS LLP


By:  _/s/ M. Dean Solomon *by permission_        By:  __/s/  Mark L. Clark_____ _
     M. Dean Solomon                                   Mark L. Clark
     State Bar No. 18832200                             State Bar No. 00789226
     Mailing Address:                                  MLClark@thompsoncoe.com
     P.O. Box 64093                                    Diandra Pastor
     St. Paul, MN 55164-0093                           State Bar No. 24105052
     PHYSICAL ADDRESS:                                 DPastor@thompsoncoe.com
     4650 Westway Park Blvd., Suite 150                 Joshua A. Eberle
     Houston, Texas 77041                              State Bar No. 24062706
     Direct No.: (281) 606-8963                        Jeberle@thompsoncoe.com
     Main Tel. No.: (281) 606-8950                     One Riverway, Suite 1400
     Facsimile No.: (281) 606-8970                     Houston, Texas  77056
                                                       Tel: (713) 403-8210
                                                       Fax: (713) 403-8299

7/23/2019 2:30:05 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35358131
By: EVETTS, ANNA R
Filed: 7/23/2019 2:30:05 PM

CAUSE NO. 2019-43587

| | | |
|---|---|---|
| TEXTILE REAL ESTATE INVESTMENTS, | § | IN THE DISTRICT COURT OF |
| LLC; TEXTILE RECYCLER, INC., | § | |
|     Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| NATIONAL CONTAINER GROUP, LLC, | § | 270TH JUDICIAL DISTRICT |
|     Defendant | | |

### ORDER GRANTING UNOPPOSED MOTION TO SUBSTITUTE COUNSEL

BE IT REMEMBERED that on this day came to be considered the Unopposed Motion for Substitution of Counsel (the "Motion") filed herein by the counsel of record for Defendant NATIONAL CONTAINER GROUP, LLC in the above-entitled and numbered cause, and it appearing to the Court that such Motion should be GRANTED.

It is accordingly, ORDERED, ADJUDGED, and DECREED that M. Dean Solomon and the law firm of AYIK & ASSOCIATES, are allowed to withdraw as attorneys of record for Defendant NATIONAL CONTAINER GROUP, LLC, and that Mark L. Clark, as lead counsel, Diandra Pastor and Joshua Eberle of the law firm of Thompson, Coe, Cousins & Irons, L.L.P. be substituted as counsel of record for all purposes in all phases of the litigation of the above-entitled cause in place of M. Dean Solomon and the law firm of AYIK & ASSOCIATES, 4650 Westway Park Blvd., Suite 150, Houston, Texas 77041.

SIGNED this ___ day of _____, 2019.

Signed:

7/23/2019
_____
JUDGE PRESIDING

Case No.  201943587

**DCORX**

IN THE DISTRICT COURT OF

TEXTILE REAL ESTATE INVESTMENT

vs.

NATIONAL CONTAINER GROUP LLC

\*
\*
\*
\*
\*

HARRIS COUNTY, TEXAS

270th      JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. 04/06/20   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2. **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a)     Experts for parties seeking affirmative relief.
(b)     All other experts.

3. **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4. **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)     Total hours per side for oral depositions.
(b)     Number of interrogatories that may be served by each party on any other party.

5. **ALTERNATIVE DISPUTE RESOLUTION.**
(a)     By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) 06/22/20   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7. **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a) 05/06/20   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) 06/05/20   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)     Rule 166a(i) motions may not be heard before this date.

8. **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. 06/05/20   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:               Failure to appear will be grounds for dismissal for want of prosecution.

11. 07/06/20   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED          Signed: 7/15/2019

HUNTER MILAM KLEIN
440 LOUISIANA ST SUTIE 1930
HOUSTON TX 77002-1639

1          24082117

DEDRA DAVIS
Judge, 270TH DISTRICT COURT
Date Generated 07/11/2019

JCVO02D
rev.10272014

**STANDING ORDER OF THE 270TH DISTRICT COURT**
**REQUIRING ELECTRONIC FILING**

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order.  If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

Case No.  201943587

**DCORX**

TEXTILE REAL ESTATE INVESTMENT

vs.

NATIONAL CONTAINER GROUP LLC

\* IN THE DISTRICT COURT OF
\*
\* HARRIS COUNTY, TEXAS
\*
\* 270th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **04/06/20**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a)   Experts for parties seeking affirmative relief.
(b)   All other experts.

3.   **STATUS CONFERENCE**.   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **06/22/20**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.   **DISCOVERY PERIOD ENDS**.    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
(a) **05/06/20**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **06/05/20**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8.   **CHALLENGES TO EXPERT TESTIMONY**.   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **06/05/20**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME:                  Failure to appear will be grounds for dismissal for want of prosecution.

11. **07/06/20**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED          Signed: 7/15/2019

MICHAEL DEAN SOLOMON
PO BOX 64093
SAINT PAUL MN 55164-0093

4          18832200

DEDRA DAVIS
Judge, 270TH DISTRICT COURT
Date Generated 07/11/2019

JCVO02D
rev.10272014

**STANDING ORDER OF THE 270TH DISTRICT COURT**
**REQUIRING ELECTRONIC FILING**

      After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order.  If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.